[Civ. No. 1436.    First Appellate District.—January 18, 1915.]

## JOHN A. NELSON, Appellant, v. F. & A. LEVY & CO. (a ·Corporation), Respondent.

CONTRACTS—SALE OF LAND—COVENANT TO DO STREET WORK—INVALIDITY OF FOR UNCERTAINTY—PLEADING.—In a contract for the sale of land a provision that "The party of the first part agrees to do street work on Day Street on or before November the 1st, 1909," is too uncertain to base an actionable breach upon, and in the absence of averments in a complaint for damages for its breach showing that the parties to the contract at the time of its execution had by some sort of an agreement arrived at an understanding as to just what amount and kind and detail of street work was to be done by the seller upon the street, or that the expression "street work" had a defined meaning either in common usage or in the charter or ordinances or other regulations of the city relating to improvements of streets, a demurrer to the complaint was properly sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

R. W. Gillogley, and Sylvain J. Lazarus, for Appellant,

Herbert Choynski, and James Raleigh Kelly, for Respondent.

THE COURT.—This is an appeal from an order of the court sustaining the defendant's demurrer to plaintiff's third amended complaint, and from a judgment based thereon, the plaintiff having declined to further amend.

The action is for damages for the alleged breach of one of the provisions of a contract for the sale from the defendant to the plaintiff of certain lots in a larger tract of land bounded by Day, Diamond, Thirtieth, and Castro streets in the city and county of San Francisco. The contract of sale contained the following provision: "The party of the first part agrees to do street work on Day Street on or before November 1st, 1909." It is this clause in the contract which the plaintiff avers that the defendant has failed to perform, and out of its alleged failure this cause of action arises.

We think the demurrer to the plaintiff's third amended complaint was properly sustained. The clause in the contract counted upon is too hopelessly uncertain to base an actionable breach upon. It could only have been made definite by averments showing that the parties to the contract at the time of its execution had by some sort of an agreement arrived at an understanding as to just what amount and kind and detail of street work was to be done by the seller upon the street in question. There is no averment of any such agreement or understanding in this complaint. The statement therein that the term street work "contemplates curbing, paving grading and guttering" presents no issuable fact; nor is it made to appear either in the plaintiff's pleading or argument that the expression "street work" has any defined meaning either in common usage or in the charter, ordinances or other regulations of the city of San Francisco relating to the improvement of streets. This being so, we think that the third amended complaint of the plaintiff was fatally defective, and that the demurrer was properly sustained.

Judgment affirmed.